IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE ARREDONDO, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF, | § | CIVIL ACTION NO. _____ |
| | § | |
| V. | § § | |
| BANDINI ENTERPRISES, INC. dba BEI ENGINEERS, | § § | COLLECTIVE ACTION (JURY DEMANDED) |
| | § | |
| DEFENDANT. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Jorge Arredondo ("Plaintiff"), on behalf of himself and all others similarly situated, files this Original Complaint against Bandini Enterprises, Inc. dba BEI Engineers ("Defendant" or "BEI") and in support thereof would show as follows:

## I. INTRODUCTION

1.1     BEI operates with the function of placing employees in a variety of fields, including the energy, chemical and power industries.  Defendant manages these same employees at the various projects where it assigns them to work.  They are employees of BEI.

1.2     Plaintiff is a former employee of BEI, who was paid on an hourly basis by Defendant.  Plaintiff worked more than forty (40) hours in a work week for Defendant, but was not paid the overtime rate of pay.  Plaintiff was not compensated on a salary basis.

1.3     BEI does not compensate its non-exempt employees at a rate of time and a half their regular rate of compensation for all hours worked in excess of forty (40) hours in a work

week.  Instead, Defendant has a written policy and/or implemented practice of paying its non-exempt employees for overtime hours at their regular rate of pay.

1.4     Plaintiff brings this action individually and on behalf of all current and former non-exempt employees who worked for Defendant nationwide in the three years preceding the filing of this lawsuit.  Plaintiff seeks to recover overtime compensation, other wages, liquidated damages, attorney's fees, costs of court, pre-judgment and post-judgment interest and injunctive relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

1.5     Plaintiff and all others similarly situated demand a jury trial.

## II. PARTIES

A.     **PLAINTIFF**

2.1     Within the last two years, Jorge Arredondo was employed by Defendant within the meaning of the FLSA as a non-exempt employee in Texas.  Mr. Arredondo was employed by BEI from approximately January 2014 to January 2016.  Mr. Arredondo's Notice of Consent is attached hereto and is being filed herewith.

2.2     The collective action members are all current and former non-exempt employees who worked for BEI nationwide during the three-year period preceding the filing of this Complaint through the present.  Like Plaintiff, these persons engaged in commerce or in the production of goods for commerce in the performing of their duties for Defendant.  These collective action members are referred to as "similarly situated."

B.     **DEFENDANT**

2.3     Bandini Enterprises, Inc. dba BEI Engineers is a domestic corporation that does business in the State of Texas and Houston.  Pursuant to FED. R. CIV. P. 4(e)(1), service can be

effected according to the law of the state where this District Court is located, Texas.  Pursuant to

TEX. CIV. PRAC. REM. CODE § 17.023(b), BEI may be served with Summons and this Complaint

through its registered agent Federico D. Bandini at 12301 Kurland Drive, Suite 250, Houston,

Texas 77034.

2.4    Defendant is engaged in interstate commerce with an annual volume of sales of not

less than $500,000.

2.5    At all relevant times to this action, Defendant was the employer of Plaintiff and all

others similarly situated within the meaning of 29 U.S.C. § 203(d) and is an "enterprise" engaged

in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

2.6    For purposes of this action, the "relevant period" is defined as such period

commencing on the date that is three years prior to the filing of this action, and continuing

thereafter.

### III. JURISDICTION AND VENUE

3.1    Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by

the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act

of Congress regulating commerce."

3.2    Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b),

because, among other reasons, Defendant is a resident of and is doing business in this District.

### IV. FACTUAL BACKGROUND

4.1    BEI operates with the function of placing employees in a variety of fields, including

the energy, chemical and power industries.

4.2    Defendant manages these same employees at the various projects where it assigns

them to work.  They are employees of BEI.

4.3     The employees execute Employment Agreements with Defendant and are identified as employees of BEI in their Employment Agreements with Defendant.

4.4     Plaintiff was a former non-exempt employee of BEI.

4.5     Plaintiff was placed by BEI to perform work at Total Petrochemicals USA, Inc. in Houston, Texas and was given the job title of HSEQ Engineer by Defendant.

4.6     Plaintiff executed an Employment Agreement with BEI.

4.7     The primary job duty of Plaintiff was to assist in implementing and applying Total Petrochemicals USA, Inc.'s safety manual under the direct supervision of, and subject to the policies and protocol of, BEI.

4.8     BEI controlled the hours to be worked by Plaintiff.

4.9     BEI directed the work to be performed by Plaintiff.

4.10    BEI maintained constant communication with Plaintiff while Plaintiff performed work at Total Petrochemicals USA, Inc.

4.11    Plaintiff was treated and held out by BEI as an employee of Defendant and Plaintiff performed job duties which reflected such status.

4.12    Plaintiff was paid on an hourly basis by Defendant.

4.13    Plaintiff's timesheets reflect that he regularly worked more than forty (40) hours per work week.

4.14    Although Defendant required Plaintiff to work more than forty (40) hours per work week, Defendant did not compensate Plaintiff at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per work week.  That is, Defendant did not compensate Plaintiff for overtime hours at the appropriate rate.

4.15    By way of example only, during the work week of August 23, 2015 to August 29, 2015, Plaintiff worked 63 hours.  This is reflected in Plaintiff's Earning Statement and TimeSheet for that pay period.  Plaintiff's Earning Statement for that pay period reflects that Defendant did not compensate Plaintiff at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per work week.  Instead, for his overtime hours, BEI paid Plaintiff his regular rate of pay.

4.16    Plaintiff was not compensated on a salary basis.

4.17    No FLSA exemption applies to hourly-paid employees who performed the job duties of Plaintiff.

4.18    Plaintiff was a nonexempt employee entitled to overtime wages under the FLSA.

4.19    During the relevant period, Defendant has been subject to the requirements of the FLSA.

4.20    Defendant failed to comply with the FLSA in that Plaintiff performed services for Defendant, and he was not properly compensated for those hours worked in excess of forty (40) hours within a work week.  Plaintiff was not paid at one and one-half of their regular rate of pay for all hours worked in excess of forty (40) per work week as required by the FLSA.

4.21    The conduct of Defendant, as set out above, has been willful and in bad faith, and has caused significant damages to Plaintiff.

## V.  COLLECTIVE ACTION ALLEGATIONS

5.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

5.2    Other employees similarly situated to Plaintiff were not paid overtime for all hours worked in excess of forty (40) per work week as required by the FLSA.

5.3     During the relevant period, BEI has placed at least 25 non-exempt employees to perform work at various projects.

5.4     During the relevant period, BEI has placed at least 50 non-exempt employees to perform work at various projects.

5.5     During the relevant period, BEI has placed at least 100 non-exempt employees to perform work at various projects.

5.6     Such workers worked more than forty (40) hours per work week during at least one week in the last three years.

5.7     Like Plaintiff, such workers were not paid overtime for all hours worked in excess of forty (40) per work week.

5.8     Like Plaintiff, such workers perform or have performed responsibilities that do not fall under any applicable exemption.

5.9     Like Plaintiff, such workers are not exempt from receiving overtime pay under the FLSA.

5.10    As such, such workers are similar to Plaintiff in terms of pay structure and/or the denial of overtime pay.

5.11    These other similarly situated employees are being denied and have been denied their lawful wages.  Accordingly, Defendant's pattern or practice of failing to pay its employees overtime pay (at time and one-half) as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of Plaintiff and those similarly situated.

5.12    Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. §216(b).

5.13    Plaintiff brings these claims on his own behalf and on behalf of all other similarly situated non-exempt employees, who were, are or will be employed by Defendant nationwide during the period of three years prior to the commencement of this action through the date of judgment of this action, who have not been paid overtime for all hours worked in excess of forty (40) per work week as required by the FLSA.

5.14    The specific job titles or precise job responsibilities of each similarly situated employee does not prevent collective treatment.

5.15    All similarly situated employees, irrespective of their particular job requirements, are entitled to overtime compensation for all hours worked in excess of forty (40) during a work week.

5.16    Plaintiff requests that Defendant fully identify all others similarly situated in order that proper notice of their right to consent to participation in this collective action may be distributed.

5.17    Plaintiff seeks equitable tolling to protect the rights of those similarly situated.

5.18    Plaintiff seeks to represent those similarly situated who have provided consent in writing to join this action as required by 29 U.S.C. § 216(b).

5.19    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated herein by reference.

5.20    Plaintiff will fairly and adequately represent and protect the interests of those who are similarly situated. Plaintiff has retained counsel competent and experienced in complex wage and hour matters and collective actions.

## VI. VIOLATIONS OF THE FLSA

6.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.2     Plaintiff and all others similarly situated are non-exempt employees employed by Defendant.

6.3     Plaintiff and all others similarly situated are entitled to overtime pay at a rate of time and one-half for all hours in excess of forty (40) hours worked during each seven-day work week.

6.4     Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff and all other similarly situated employees overtime compensation at a rate of time and one-half for all hours worked in excess of 40 hours per work week.

6.5     Defendant has not made a good faith effort to comply with the FLSA.

6.6     No exemption excused Defendant from paying Plaintiff and all others similarly situated, overtime pay for all of the hours worked over forty (40) per work week.

6.7     Rather, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation owed to Plaintiff and to all other similarly situated employees.

6.8     Plaintiff and all others similarly situated seek all unpaid wages, overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, litigation expenses, expert fees and costs as provided for by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VII. JURY DEMAND

7.1     Plaintiff and all others similarly situated hereby demand a trial by jury.

**PRAYER**

WHEREFORE Plaintiff and all those similarly situated to him who have or will opt into this action, respectfully pray that this Court follow the certification procedures of § 216 of the Fair Labors Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from others similarly situated, and that subsequent thereto Plaintiff and all others who opt-in to this action recover the following:

a. an order preliminarily and permanently restraining and enjoining Defendant from engaging in the aforementioned pay violations;

b. damages and restitution for all unpaid wages (including fringe benefits and bonuses), unpaid overtime compensation (at time and one-half), and unpaid minimum wages and other injuries, as provided by the FLSA;

b. liquidated damages, as provided by the FLSA, equal to the sum of the amount of wages and overtime compensation that were not properly paid;

c. all applicable penalties for the violations set forth herein;

d. an award of reasonable attorney's fees, litigation expenses, expert fees and costs incurred in vindicating the rights of Plaintiff and all those similarly situated;

e. an award of pre-judgment and post-judgment interest at the highest rate permitted by law; and

g. such other and further relief, at law or in equity, as this Court deems just and appropriate.

Respectfully submitted,

*/s/ J. Moises Cedillos*
J. Moises Cedillos
Attorney-in-Charge
State Bar No. 24080828
Southern District I.D. No. 1531827
John M. Padilla
State Bar No. 00791395
Southern District I.D. No. 279815
PADILLA & RODRIGUEZ, L.L.P.
5433 Westheimer, Suite 825
Houston, Texas 77056
Telephone: (713) 574-4600
Facsimile: (713) 574-4601

**ATTORNEYS FOR PLAINTIFF**